## AS TO WHETHER THE GIFT OF A HORSE WAS COMPLETE.

Circuit Court of Medina County.

WARREN J. ANDERSON v. IDA M. ALLEN.

Decided, 1908.

*Gift—Evidence—Incompetent Answer to Competent Question.*

1. A father said to the husband of his daughter Ida: "Go up to the home place, get the little horse I gave Ida, take it off my land up there and turn it on the land I have given her, with your horses." This the son-in-law did the next day. *Held:* A completed gift.

2. Objection to an incompetent answer to a competent question is saved by asking that the answer be taken from the consideration of the jury and not by objection to the question.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Suit was brought by Ida M. Allen in replevin before the mayor of the village of Medina in said county against Warren J. Anderson, to recover a certain horse, then in the possession of Anderson, which plaintiff claimed belonged to her. After trial before the mayor the case was appealed to the court of common pleas and was there tried; the result being a verdict and judgment that the horse was the property of said Allen. Error is prosecuted here to reverse the judgment of said last named court.

A bill of exceptions is filed here, giving all the evidence which was produced and offered on the trial. From this it appears that the horse in question was formerly owned by one Abial Canfield, who was the father of said Allen; and that said Canfield died on the 8th day of April, 1905.

The claim of ownership of the horse made by Allen is that, previous to the death of her father, he made a gift to her of this horse.

On the part of Anderson the claim is made that he owns the horse by purchase from Charles and Albert Canfield, sons of the said Abial.

It is claimed that Abial had given the horse to these two sons, while he was still living, and if that should not be found to be true, then by the provisions of the will of Abial, he having died testate, the horse was bequeathed to them.

An examination of the will of Abial Canfield discloses that, after making devises and bequests to his several children and a grandson, the residue of his property is bequeathed to these two sons.    Without expressing any opinion as to whether, under this residuary clause, the ownership of this horse would pass directly to Charles and Albert without administration, it is sufficient to say that, if Abial Canfield owned the horse at the time of his death, Ida M. Allen was not entitled to recover in this action. It is not necessary that Anderson show a good title in the horse which was in his possession when the suit was begun, but only to show that Allen had not title.    A claim on the part of Anderson is that the horse, by reason of a gift to Charles and Albert made by Abial, before any gift was attempted to be made by him to Ida, belonged to them, and so she acquired no ownership in the horse, whatever her father said to her about it.    That is, that when it is claimed he gave the horse to Ida it was not his to give, as he had already given it to Charles and Albert.

The evidence fails to show a completed gift to Charles and Albert.    Charles says his father said he made a will, and that what he had given to him (Charles) and Albert was undivided, and that he was going to turn over all that was to go to them, at once, and that, in speaking of the horse he said "I will give you three horses; the work team I reserve the use of them for Unial Crow until after haying .  *   *   *   the little bay horse" (the one whose ownership is involved in this case) "I do not want you to sell as long as I can drive him and then you can do as you wish with him."

He states that thereafter he used the horse some, and when he used it he kept it at his place, and that his father used him a part of the time, when he was kept at his father's place.    The testimony of Albert as to this gift is not stronger than that of Charles, and from the testimony of neither does it appear that either of them took possession as against the father. . . .

*Thornton on Gifts* says, at Section 131:

"In all gifts a delivery of the thing given is essential to their validity, for although every other step be taken that is essential to the validity of a gift, if there is no delivery the gift must fail."·

Section 142, of the same work, reads:

"A gift to be valid must not only be delivered, but the delivery must be unconditional; it must be delivered absolutely and unconditionally."

Under these rules, as already said, we can not find that the father gave the horse to Albert and Charles. On the other hand, the evidence is such that the jury might have found that he made a completed gift to his daughter, Ida.

She says he said to her, the evening after he had made his will, speaking of this horse, "I have given that to you." She says that at another time, later on, it being her birthday he said to her "I will give you that little driving horse today as your birthday present." He did not, however, on either of these occasions, deliver possession of the horse to her, and so there was up to this time no completed gift to her.

Dr. D. R. Allen, the husband of Ida, testified however, that on the 29th of March, 1905, shortly before Mr. Canfield's death, he said to the witness "Go up to the home place, get the little horse I gave Ida, take it off of my land up there and turn it on the land I have given her, with your horses." He says that, pursuant to this instruction, he went the next morning and got the horse and turned it into the field on Ida's premises, where it remained until after Mr. Canfield's death. If the jury believed this testimony, they might well find a completed gift of the horse in Ida, and so we could not reverse the case on the weight of the evidence.

*Thornton on Gifts,* Section 143, uses this language:

"It is not essential that a delivery be made at the time the words of gift are used," or, in other words, "at the time the gift is made; the delivery may follow at any time before the death of the donor and before he revokes the gift."

It is urged that the court erred in overruling the objection made to a question put on behalf of Mrs. Allen, to Walter Canfield when he was upon the witness stand.  This witness was the assessor in 1904, and called upon Abial Canfield to list his property for taxation, and stated that he had a conversation with him about his property at the time.  He was then asked this question:  "What did he say?"

This question was objected to on behalf of Anderson; the objection was overruled and exception taken.  If any answer which the witness might give in response to this would be competent, then no error was made in the ruling.  It was rightly held by the court several times during the trial that statements made by Abial Canfield as to what he intended to do with his property was competent as tending to show the probability or improbability of his giving it to any particular person.  The witness might have answered this question, that he said he was going to give the horse to Ida, or to Charles and Albert; that answer would have been competent and would have been directly responsive to the question.  It follows that the court properly overruled the objection.  If it was desired to have the answer which was given taken from the jury, a motion to that effect should have been made; this was not done.

A similar question is made as to a question asked and answered by Howard Jones, when he was upon the witness stand, and, for the same reason, there was no error in the ruling of the court.

Without pausing to call special attention to other alleged errors, a careful examination of the entire record discloses no error to the prejudice of the plaintiff in error and the judgment is affirmed.

No penalty will be adjudged against the plaintiff in error.